## SALLIE DUNBAR v. THE STATE.

No. 14120.  Delivered April 1, 1931.

The opinion states the case.

*F. O. Fuller* and *E. E. Fuller,* both of Houston, and *H. S. Lilley,* of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

The state's theory, supported by much evidence, was that following intimacy between deceased and appellant, both of whom were married, appellant got a divorce from her husband for the purpose of marrying deceased; that thereafter no marriage took place, but on the day of the homicide she saw him in company with another woman and demanded to know why he was treating her as he was, and stabbed him twice or three times with a knife, which resulted in his death in a few moments. Four or five eyewitnesses testified for the state that deceased did nothing and said nothing to appellant at the time, but that she got upon the running board of the car in which he was with a woman, reached over the other woman and stabbed deceased, who got out of the car. Witnesses swore that appellant said she had told the s— of a b— that she was going to kill him; also that after stabbing him she started around the car toward

him but was stopped by witnesses who told her she had already killed him. These witnesses denied any threatening demonstration on the part of deceased, but affirmed that deceased drove up to the place in a car with another man and two women; that he got out of the car with one of the women and went into a little cafe; that while he was in the cafe appellant walked up to the car, and that upon deceased coming out and getting in the car the assault took place as above stated.

The defense put witnesses on the stand who swore that prior to the homicide deceased had threatened appellant. Appellant herself gave a rather rambling and somewhat incoherent story of her relations with deceased, his treatment of her, her movements on the day of the homicide, and claimed that when she cut deceased he had made a move as though to get a pistol and she thought he was going to attack her.

Appellant has two bills of exception complaining of the rejection of testimony to the effect that something like a year before the killing, her then husband appealed to one of the witnesses by whom the testimony was offered, and who was an officer, for protection from deceased who was trying to get appellant to leave her husband and come and live with him. Manifestly such testimony was objectionable as hearsay, and we further fail to see any relevance whatever.

It appears that after the exceptions to the court's charge were presented, said charge was changed evidently to meet the objections, and the charge appearing in the record seems not open to any of the exceptions leveled at same. If any exceptions were taken by appellant after the charge was amended or corrected, same do not appear in the transcript.

The special charges, refusal of which is complained of in bills of exception Nos. 4 and 5, seem to be fully covered by the main charge. We are also of opinion that the special charge set out in bill of exception No. 2, which complains of its refusal, was correctly rejected as being on the weight of the testimony. We are of opinion that the record shows this appellant to have received a fair trial, and that under the facts the jury were inclined to be merciful to her possibly because she was a woman.

No error appearing, the judgment will be affirmed.

*Affirmed.*